IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VINCENT J. SCHMIDT, DIANE SCHMIDT,)
RANDALL J. BRAUN, TINA BRAUN, )
WILLIAM DUREN, CHRIS DUREN, and )
JEREMY V. HICKS, )
                              )
      Plaintiffs, )
                              )
  v. )   CAUSE NO. 07-090-WDS
                              )
AMERITANK, INC., BRUCE A. JULIUS, )
and STEPHEN YOUNG, )
                              )
      Defendants. )

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendants' motions to strike (Docs. 35, 49), to which plaintiffs have not filed responses. Defendants seek to have the Court strike plaintiffs' demands for compensatory, extracontractual, and consequential damages, as well as plaintiffs' demand for a jury trial. Fed. R. Civ. P. 12(f).

Rule 12(f) permits a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendants' motions, however, are based on their assertion that the exclusive remedy available under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, precludes the relief plaintiffs seek. Defendants do not identify any redundant, immaterial, impertinent, or scandalous material on which their motions are based, but rather attack the sufficiency of the complaint. In light of this, the Court **FINDS** that defendants' motions are more properly considered as motions to dismiss under Fed. R. Civ. P. 12(b)(6).

When evaluating a Rule 12(b)(6) motion, a court must accept as true all factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor. *See Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). Because the Federal Rules of Civil Procedure establish a liberal pleading system that requires only notice pleading, "[a] complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal." *Nat'l Serv. Ass'n, Inc. v. Capitol Bankers Life Ins. Co.*, 832 F. Supp. 227, 230 (N.D. Ill. 1993). However, as the Supreme Court recently stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and parenthetical information omitted).

Plaintiffs' complaint alleges that defendants violated § 1132(a)(1)(B) and § 1132(a)(3)(B) of ERISA by failing to pay premiums to the insurance carrier for a group health plan, thereby causing a lapse in coverage. Plaintiffs claim that these violations entitle them to compensatory, extracontractual, and consequential damages.[1]

Defendants argue that ERISA simply precludes the relief that plaintiffs seek. Specifically, defendants contend that plaintiffs' claims for compensatory, extracontractual, and

---

[1] Plaintiffs seek compensatory damages equal to "all claims which would have been paid had payment been remitted to the benefits provider." Plaintiffs also seek extracontractual damages equal to "the difference in cost for premiums under the cancelled policy and the replacement policy Plaintiffs will be required to obtain." Plaintiffs further seek consequential damages for the attorney's fees, litigation expenses, and costs incurred during litigation. (Doc. 2).

2

consequential damages are legal in nature and, therefore, not available under ERISA. The Supreme Court has held that the "appropriate equitable relief" language contained in § 1132(a)(3)(B) of ERISA limits relief under that provision to those remedies traditionally viewed as equitable, such as injunction or restitution, but not monetary damages. *Martens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993). Similarly, the Seventh Circuit has held that claims for relief arising under § 1132(a)(1)(B) of ERISA are purely equitable, not legal. *Wardel v. Cent. States, Se. and Sw. Areas Pension Fun.*, 627 F.2d 820, 828 (7th Cir. 1980). Therefore, the Court **FINDS** that the compensatory and extractractual relief plaintiffs seek are legal in nature[2] and, thus, barred under § 1132(a)(1)(B) and § 1132(a)(3)(B) of ERISA. Accordingly, the Court **GRANTS** defendants' motions to dismiss plaintiffs' demands for compensatory and extractractual damages. Plaintiffs' demand for consequential damages (i.e., attorney's fees, litigation expenses, and costs), however, survives defendants' motions to dismiss because § 1132(g) specifically authorizes the Court, in its discretion, to grant such relief. Accordingly, the Court **DENIES** defendants' motions to dismiss plaintiffs' demand for consequential damages.

Defendants also seek to dismiss plaintiffs' demand for a jury trial. The Seventh Circuit has made clear that because ERISA's antecedents are equitable, plaintiffs are not entitled to a jury trial under ERISA. *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998). Accordingly, the Court **GRANTS** defendants' motions to dismiss plaintiffs' demand for a jury trial.

---

[2] *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144, 146-148 (1985) (reasoning that ERISA does not authorize recovery of extracontractual damages); *Martens*, 508 U.S. at 255-256 (stating that compensatory damages are not a typical equitable remedy, such as injunction, mandamus, or restitution, and equating compensatory damages with monetary, also known as legal, relief).

The Court **DIRECTS** plaintiffs to file an amended complaint that complies with the Court's ruling within thirty (30) days. Failure to do so may result in dismissal of this cause of action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: January 30, 2008.**

                                          **s/ WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**