IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT J. SCHMIDT, DIANE SCHMIDT, RANDALL J. BRAUN, TINA BRAUN, WILLIAM DUREN, CHRIS DUREN, and JEREMY V. HICKS,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERITANK, INC., BRUCE JULIUS, and STEPHEN YOUNG,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL NO. 07-CV-00090-WDS<br>)<br>)<br>)<br>)<br>)  |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court, *sua sponte*, for docket control.

**BACKGROUND**

The pertinent proceedings in the case are set out below. This case was opened on February 1, 2007 (Doc. 1). In their complaint (Doc. 2), plaintiffs allege that defendants, Ameritank, Inc. ("Ameritank"), Bruce A. Julius ("Julius"), and Stephen Young ("Young"), collected health and dental insurance premiums from plaintiffs and then failed to pay the health insurer and failed to notify plaintiffs that the health and dental insurance was cancelled. Plaintiffs request damages equal to all claims which would have been paid had payment been remitted to the benefits provider; damages equal to the difference in cost for premiums under the cancelled policy and the replacement policy plaintiffs will be required to obtain; attorney's fees, litigation expenses and costs; and other relief the Court deems appropriate (Doc. 2). The Court initially set a presumptive trial month of May, 2008 (Doc. 17).


On October 5, 2007, defendants filed a suggestion of death, stating that defendant Stephen Young had died (Doc. 44).  On January 30, 2008, this Court dismissed plaintiffs' demands for compensatory and extracontractual relief as legal in nature and therefore barred under § 1132(a)(1)(B) and § 1132(a)(3)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") (Doc. 52). Plaintiffs' demands for consequential damages (i.e., attorney's fees, litigation expenses, and costs) remained under § 1132(g) of ERISA, which specifically authorizes the Court, in its discretion, to grant such relief (Doc. 52).  The Court directed the plaintiffs to file an amended complaint complying with these rulings (Doc. 52).  Plaintiffs filed their first amended complaint (Doc. 53) on February 19, 2008, requesting the cost of deductions for premiums which were not paid; attorney's fees, litigation expenses and costs; and other relief the Court deems appropriate (Doc. 53).  After defendants filed a motion for extension of time (Doc. 55), the Court reset the trial month for June, 2008 (Doc. 57).

On May 30, 2008, defendants Ameritank and Julius filed a suggestion of bankruptcy, notifying the Court that each had filed a Chapter 7 Bankruptcy Petition in the United States District Court for the Southern District of Illinois (Doc. 62).  An Order of the Court dated June 2, 2008 (Doc. 63), stayed this case pursuant to 11 U.S.C. § 362, until the Bankruptcy Court lifts its stay as to defendants Ameritank and Julius.

From June 2, 2008, until April of 2011, nearly three (3) years, nothing was filed with this Court by either the plaintiffs or the defendants.  An Order of the Court dated March 25, 2011 (Doc. 64), directed the parties to file status reports.

On April 18, 2011, defendants[1] Ameritank and Julius filed a status report (Doc. 67), stating: (1) both of defendants' separate bankruptcy cases have been fully adjudicated and closed by the Bankruptcy Court; (2) defendants believe that plaintiffs' claims in this cause of action were discharged by the respective bankruptcies filed on behalf of defendants; (3) defendants' counsel sent a letter to plaintiffs' counsel of record, Mr. Hubbs, to discuss the status of the case and potential dismissal, but Mr. Hubbs advised that he had changed law firms and was no longer responsible for plaintiffs' file, which remained with his former law firm; (4) Mr. Hubbs told defendants that he believed that Katherine Collins-Whittaker of the law firm of Brown & Crouppen was responsible for plaintiffs' file, and defendants then sent a copy of the letter to her, but she has not responded; and (5) defendants believe the matter should be dismissed with prejudice.

To date, neither plaintiffs, nor their counsel of record, Mr. Hubbs, have filed anything in response to the Court's Order directing them to file a status report, nor have they filed anything in response to defendants' status report. On October 19, 2011, this Court directed plaintiffs to show cause, why the cause of action should not be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Plaintiffs failed to respond to this order, let alone, show cause, and the period within which the plaintiffs could respond has expired.

In its Order to show cause (Doc. 68), the Court noted that Earl W. Hubbs, a member, at the time, of the law firm of Brown & Crouppen, P.C., entered his appearance as counsel for all plaintiffs in this case on July 25, 2007 (Doc. 41). Pursuant to Local Rule 83.1(g), "[a]n attorney may not withdraw an entry of appearance for a party without leave of court and notice to all parties of

---

[1] Defendant Stephen Young is deceased, and a Suggestion of Death was filed with this Court on October 5, 2007 (Doc. 44).

record." No motion to withdraw as counsel of record was filed by Mr. Hubbs, nor did any attorney from the law firm of Brown & Crouppen file an entry of appearance or a motion for substitution as counsel for plaintiffs. As of this date, Earl W. Hubbs remains on the Court's docket as lead attorney for the plaintiffs.

## LEGAL STANDARD

Under Fed. R. Civ. P. 41(b) a district court may, *sua sponte*, dismiss an action for lack of prosecution. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). "A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). Before dismissing an action for want of prosecution, the district court should give "due warning" to plaintiff's counsel. *Matter of Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995). In light of the fact that "a plaintiff is deemed to be culpable for the actions of, and to have notice of all facts charged to, a freely selected agent" due warning directed at counsel is sufficient, and the court need not warn plaintiff directly. *Id.* (*citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962).

Due warning need not consist of repeated warnings, nor must it be formalized in a rule to show cause. *Matter of Bluestein & Co.*, 68 F.3d at 1026. "Similarly, the district court's responsibility to warn does not require the firing of a 'warning shot,' i.e., levying less severe sanctions prior to resorting to dismissal for want of prosecution." *Id.* Due warning must be "direct and explicit," and a mere "standing order that failure to abide by the court's schedule may result in dismissal is insufficient to apprise plaintiff's counsel of any imminent threat" of dismissal. *Id.*

A district court's authority to *sua sponte* dismiss an action for lack of prosecution "'has

generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *James v. McDonald's Corp.*, 417 F.3d at 681 (*quoting Link v. Wabash R.R. Co.*, 370 U.S. at 630-31). Certain principles have emerged, however, to *guide* a court's determination of whether it should dismiss a case pursuant to Rule 41:

> [i]deally, the district court should consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

## ANALYSIS

At the outset, the Court notes that it directed plaintiffs to file a status report, and plaintiffs failed to comply or otherwise respond. The Court also directed plaintiffs to show cause why this action should not be dismissed, to which the plaintiffs failed to comply or otherwise respond. This Court, therefore, directly and duly warned plaintiffs' counsel that dismissal is an imminent threat.

Before imposing the harsh sanction of dismissal, however, the Court pauses upon consideration of the guiding principles listed above.

### I. The Frequency and Magnitude of Plaintiffs' Failure to Comply With Deadlines for the Prosecution of the Suit

Plaintiffs have failed to participate in this cause of action for over three (3) years. Although the case was stayed on June 2, 2008 (Doc. 63), pending the resolution of the defendants' bankruptcy proceedings, this Court has since directed the plaintiffs to file a status report, and to show cause, to which the plaintiffs filed nothing. On March 25, 2011, the parties were directed to file a status

report, and more than eight (8) months have passed without any form of response from the plaintiffs. Furthermore, on October 19, 2011, the Court issued an Order for the plaintiffs to show cause, by November 8, 2011, why this case should not be dismissed for want of prosecution, and still, no response from the plaintiffs. The plaintiffs' repeated and prolonged failure to comply with deadlines and orders of this Court, or to participate in moving this lawsuit forward weigh in favor of dismissal of plaintiffs' cause of action.

## II. Apportionment of Responsibility for Failures to Comply between Plaintiffs and Their Counsel

The Court notes that plaintiffs have retained counsel throughout the duration of this cause of action. The Court noted in its Order to show cause that defendants' counsel sent a letter to plaintiffs' counsel of record, Mr. Hubbs, to discuss the status of the case and potential dismissal, and that Mr. Hubbs advised that he had changed law firms and was no longer responsible for plaintiffs' file, which remained with his former law firm. Mr. Hubbs further told defendants that he believed that Katherine Collins-Whittaker of the law firm of Brown & Crouppen was responsible for plaintiffs' file, and defendants then sent a copy of the letter to her, but she has not responded.

The Court noted, however, that Earl W. Hubbs entered his appearance as counsel for all plaintiffs in this case on July 24, 2007, and he remains counsel of record on the Court's docket, as he has not filed a motion to withdraw, nor has any attorney from the law firm of Brown & Crouppen filed an entry of appearance or a motion for substitution as counsel for plaintiffs. Earl W. Hubbs, counsel of record for plaintiffs, has been notified via electronic mail of each of the Court's orders, as well as defendants' pleadings, and he has not, as of this date, taken any action to withdraw as counsel or otherwise respond.

It appears that plaintiffs' counsel is most at fault for compliance failures, as there is no

indication that the plaintiffs themselves did anything to cause counsel's inability to respond or comply with the Court's Orders.  As noted by the Seventh Circuit, however, "a plaintiff is deemed to be culpable for the actions of, and to have notice of all facts charged to, a freely selected agent" and due warning directed at counsel is sufficient, the court need not warn plaintiff directly.  *Matter of Bluestein & Co.*, 68 F.3d at 1026 *(citing Link*, 370 U.S. at 633-34). "The Supreme Court made clear in *Link* that dismissal for failure to prosecute is an appropriate sanction for lawyers' delays and defaults even if the plaintiff is blameless; the sins of the agent can be visited upon the principal."  *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993) (*citing Link*, 370 U.S. at 633-34).  Based upon this precedent, the plaintiffs are deemed culpable for counsel's failures to respond, and deemed to have notice of all facts charged to their retained lawyer.  In other words, the Court's order to show cause, which was delivered to counsel of record, Mr. Hubbs, via electronic mail, was, technically, sufficient warning of the imminent threat of dismissal.

In this particular situation, however, where the attorney of record claims that he is not responsible for case, the Court **FINDS** dismissal to be inappropriate in that the plaintiffs will be punished for the errors and inaction of an attorney who apparently has no interest in his responsibilities as attorney of record.  The Court will not employ the harsh sanction of dismissal at this point, in these particular circumstances.  In light of this, the Court may, at this stage, attempt to fashion an effective but less drastic remedy than dismissal.  *Ball*, 2 F.3d at 758; *Matter of Bluestein & Co.*, 68 F.3d at 1026.

Accordingly, the Court hereby **DIRECTS** Earl W. Hubbs: (1) to show cause to this Court why he should not be sanctioned for failing to comply or otherwise respond to Court Orders; (2)

to take the appropriate action to remove himself from this case, if he is not, in fact, the plaintiffs' attorney; and (3) to provide a copy of this Order, and the Order at Doc. 68, to each of the named plaintiffs, via certified mail, and then provide proof to this Court that he has done so.  Earl W. Hubbs is hereby **NOTIFIED** that the Court will impose a sanction upon him, should he fail to comply with each of these requirements on or before **December 19, 2011.**

The Clerk of the Court is **DIRECTED** to mail a copy of this Order, and the Order at Doc. 68, to the law firm of Brown & Crouppen.  Brown & Crouppen is **DIRECTED** to take the appropriate action to enter an appearance in this case, if they are in fact responsible for plaintiffs' case, on or before **December 19, 2011.**

Plaintiffs are hereby **NOTIFIED** that they must either have an attorney enter an appearance on their behalf, or notify the Court that they intend to proceed pro se, on or before **December 28, 2011.**  Should the plaintiffs fail to comply with this requirement, the plaintiffs are hereby **WARNED** that the Court will immediately dismiss their cause of action, in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:     December 5, 2011**

                                               **/s/ WILLIAM D. STIEHL**
                                                  **DISTRICT JUDGE**